IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD M. TENNER ) | |
| ) | |
| Plaintiff, ) | Case No. 16 C 10192 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| NORRIS COCHRAN, acting Secretary of ) | |
| the United States Department of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gerald Tenner brings this action for review of defendant's final decision denying him Medicare Part B reimbursement for dental work. Plaintiff and defendant have filed cross motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

## FACTS[1]

Plaintiff is a Medicare beneficiary in his late sixties. He fainted and fell while accompanying his wife to a medical appointment on October 25, 2012. Plaintiff suffered a number of injuries, including a fractured jaw, was taken to the emergency room, and was ultimately admitted to the hospital. Five days later, Dr. Alexis Olsson performed reconstructive jaw surgery and plaintiff was discharged from the hospital on November 1, 2012. Plaintiff had three follow-up appointments with Dr. Olsson during November 2012. All of this treatment was paid for by Medicare and is not in dispute.

---

[1] Because this is a Medicare appeal with no fact discovery, all facts are taken from the Certified Administrative Record (Doc. 5).

During his last follow-up visit with Dr. Olsson, plaintiff received a referral to Dr. Mark Hutten, a prosthodontist and colleague of Dr. Olsson. Dr. Hutten developed a treatment plan designed to improve plaintiff's bite, which was rendered non-functional due to his fall.[2] Between December 2012 and November 2013, Dr. Hutten replaced a number of plaintiff's teeth with crowns and Dr. Olsson performed a sinus lift so that Dr. Hutten could place three dental implants. Dr. Hutten described these treatments as "incident to, and an integral part of . . . repairing the damage caused by [plaintiff's] fall." Dr. Olsson described them as a "medically necessary, incidental and integral part of the procedures necessary to properly repair the damages that resulted from [plaintiff's] fall." The treatments ultimately cost plaintiff $48,405, which he paid out of pocket after his first Medicare Part B Request for Medical Payment, filed on January 16, 2013, was denied.

Plaintiff appealed the denial of his Request for Medical Payment through the administrative appeals process. The denial was upheld and plaintiff filed an appeal with the Office of Medicare Hearings and Appeals. After plaintiff's hearing, an Administrative Law Judge ("ALJ") reversed the denial and awarded plaintiff benefits. The Medicare Appeals Council ("MAC") reviewed the ALJ's decision and reversed and remanded for additional fact finding. Plaintiff submitted additional evidence and, after a second hearing, the ALJ again found in plaintiff's favor. The MAC reviewed that decision and, again, reversed.[3] Plaintiff then sought judicial review in this court.

---

[2] Plaintiff's teeth were repositioned after his fall and surgery, which made chewing his food difficult and painful.

[3] That decision represents the final decision of the Secretary of the United States Department of Health and Human Services.

## DISCUSSION

**I.  Legal Standard**

This court is authorized to review administrative decisions regarding Medicare benefits claims under 42 U.S.C. § 405(g), as incorporated into the Medicare statute by 42 U.S.C. § 1395ff(b)(1)(A). Wood v. Thompson, 246 F.3d 1026, 1029 (7th Cir. 2001). In reviewing the decision, the court pays due deference to defendant's final decision if it is supported by substantial evidence. Id. "Substantial evidence is more than a scintilla but less than a preponderance of the evidence, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). The court may set aside defendant's denial of coverage if it was based on a legal error. Id. (citation omitted). When interpreting the Medicare statute, the court must first determine whether it is ambiguous. If not, defendant's interpretation warrants no deference. If so, the court will defer to defendant's interpretation provided it is reasonable. Id. (citations omitted).

**II.  Analysis**

Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq., established the Medicare program, which is divided into three components. Relevant to the instant case is Part B, which provides coverage for outpatient services. Id. The statute explicitly excludes coverage for "services in connection with the care, treatment, filling, removal, or replacement of teeth or structures directly supporting teeth" that are made on an outpatient basis. 42 U.S.C. § 1395y(a)(12). There is one exception to this exclusion in the Medicare Benefits Policy Manual ("the Manual"), which defendant issued to provide guidance as to Part B coverage. Chapter 15, § 150 of the Manual reads as follows: "If an otherwise noncovered procedure or service is

3

performed by a dentist as incident to and as an integral part of a covered procedure or service performed by the dentist, the total service performed by the dentist on such an occasion is covered." The Manual provides two illustrative examples:

> (1) The reconstruction of a ridge performed primarily to prepare the mouth for dentures is a noncovered procedure. However, when the reconstruction of a ridge is performed as a result of and at the same time as the surgical removal of a tumor (for other than dental purposes), the totality of surgical procedures is a covered service.
>
> (2) Medicare makes payment for the wiring of teeth when this is done in connection with the reduction of a jaw fracture. The extraction of teeth to prepare the jaw for radiation treatment of neoplastic disease is also covered. This is an exception to the requirement that to be covered, a noncovered procedure or service performed by a dentist must be incident to and an integral part of a covered procedure or service performed by the dentist.

This is known as the "incident-and-integral exception" or "same physician rule." The ALJ found that the treatments plaintiff received from Dr. Hutten fell within this exception. The MAC disagreed. That disagreement is at the heart of the court's review.

Plaintiff advances two arguments to support his motion. First, plaintiff argues that, (a) the medicare statute is ambiguous, and (b) defendant's application of it is unreasonable. Next, plaintiff argues that the MAC's denial of plaintiff's benefits was not supported by substantial evidence. As for plaintiff's second argument, defendant erroneously asserts in his response brief that plaintiff does not challenge the sufficiency of the evidence upon which the MAC's decision was based, and therefore does not address that argument. In his reply brief, plaintiff abandons that argument, focusing solely on the Medicare statute and the MAC's interpretation of it, which plaintiff asserts is unreasonable. Because the parties have focused their arguments on the statute and its interpretation, and given the voluminous record and the MAC's thorough discussion of it

4

in its final decision denying plaintiff benefits, the court assumes, without deciding, that the MAC's decision was based on sufficient evidence.[4] As for plaintiff's first argument, defendant counters that the statute is unambiguous, and, failing that, defendant's interpretation of it is entitled to deference.[5] The court agrees in part.

Plaintiff argues, correctly, that the Seventh Circuit has found Medicare's statutory exclusion of dental coverage to be ambiguous. See Wood, 246 F.3d 1026. Defendant notes, correctly, that the facts that led the Seventh Circuit to that conclusion differ from those in the instant case. Wood was a Medicare beneficiary who required a heart valve replacement and had severe periodontal disease. Id. Because Wood's periodontal disease posed a risk of bacterial infection to his artificial heart valve, his cardiologist would not perform the surgery until Wood had fourteen diseased teeth removed. Id. Despite the obvious medical necessity of the tooth extractions, Medicare denied coverage based on its exclusion of dental services. Id.

In addition to these factual distinctions, the defendant in Wood, the former Secretary of the Department of Health and Human Services, did not dispute the statute's ambiguity. Even still, the Seventh Circuit considered Woods' argument that the exceptions to the statute's exclusion of dental services render it ambiguous. The court found that the existence of

---

[4] The court notes, however, that the arguments plaintiff advanced during his MAC hearing are nearly identical to those that he advances in the instant case. The MAC considered and addressed those arguments in detail, including plaintiff's argument that Drs. Olsson and Hutten considered his dental treatments to be incident and integral to the repair of his jaw, and therefore falling into Medicare's exception to the exclusion of dental coverage. The MAC rejected that argument in its twelve-page opinion, concluding that plaintiff's dental services were "distinct and separate from the jaw surgery even if they were part of the same overall treatment plan." Doc. 5 at 13.

[5] Defendant also argues that plaintiff is not entitled to the full cost of his treatments because he did not exhaust administrative remedies as to a portion of them. For the reasons discussed below, the court need not address this argument.

articulated exceptions to the statute's exclusion of dental services "does not necessarily mean it is ambiguous, but it does suggest the need for a possible concession on the part of the administrator of the statute as to ambiguity." Id. at 1031. The defendant's failure to explain "why the existing exceptions, and not others, serve any express intent of Congress to exclude procedures such as [plaintiff's]" also caused the Seventh Circuit to "consider the statutory exclusion of dental coverage to be ambiguous . . . ." Id. at 1031.

Importantly, defendant in the instant case does not concede ambiguity and has put forth an explanation as to why the existing exceptions serve a congressional intent to exclude plaintiff's procedures. Whether that is sufficient for this court to find that the statute is not ambiguous is irrelevant because, even assuming that the statute is ambiguous, plaintiff's claim fails. In reviewing defendant's denial of coverage for plaintiff's dental procedures, determining whether there is any ambiguity in the meaning of the statute is only the first step. Id. at 1029 (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984)). When the court finds ambiguity, it must determine if the agency's interpretation of the statute is reasonable and, if so, defer to it. Id. For the reasons discussed below, the court finds that defendant's interpretation of the Medicare statute is reasonable and, accordingly, defers to it.

To support his argument that defendant's interpretation of the Medicare statute is unreasonable, plaintiff argues that the "same physician rule" is a misnomer that has led to an absurd result, i.e., Medicare covering a procedure that left him with "a skewed and painful bite, but Medicare not covering the follow-on procedure to complete the covered procedure." Even if the court were to agree with plaintiff, the problem with his argument is that it is foreclosed by Seventh Circuit precedent.

In <u>Wood</u>, discussed above, the Secretary of Health and Human Services argued that there are only three statutory exceptions to Medicare's exclusion of dental services: "dental care in preparation for radiation of the jaw; a covered medical procedure performed by the same physician doing the dental work; and inpatient dental examinations conducted in preparation for kidney transplant surgery." <u>Wood</u>, 246. F.3d at 1028–29. The Secretary further argued that any procedure that does not fall within one of these exceptions, regardless of medical necessity, is not covered, including outpatient dental services necessitated by an underlying medical condition. <u>Id</u>. at 1029–34. Accordingly, the Secretary interpreted the statute as excluding coverage for medically necessary tooth extractions that were preformed at a separate time and apart from a covered heart valve replacement procedure, despite the fact that the procedures were related. <u>Id</u>. In upholding the Secretary's interpretation, the Seventh Circuit rejected Woods' argument that the purpose of the statutory exceptions is to prevent impediments to access to covered services. <u>Id</u>. at 1034.

After conducting a thorough analysis of the Medicare statute's exceptions, the court concluded that "the 'common thread' [among the exceptions] seems actually to be that the exceptions involve dental services that *are requisite to* performing a procedure involving the mouth or jaw." <u>Id</u>. (emphasis added). One could certainly argue that the result in <u>Wood</u> - the denial of coverage for tooth extractions that were a prerequisite to a covered heart valve replacement - is equally absurd as the result in the instant case. But read narrowly, as the Seventh Circuit says they should be, there is no room for such procedures in the statutory exceptions to Medicare's denial of coverage for dental services, such as the "replacement of teeth." <u>Id</u>. at 1035.

7

Just as in Wood, plaintiff in the instant case asks the court to expand the statutory exceptions to the exclusion of dental treatments to include the treatments he received following his jaw reconstruction. That the court cannot do. The Medicare statute unequivocally excludes coverage for dental services, with few exceptions that have been construed narrowly by both defendant and the Seventh Circuit. "[T]he enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded." Id. at 1035. The court is "bound by the particular rules enacted by Congress and [is] not free to carve out [its] own exceptions merely because [it] believe[s] they would not undermine Congress' goals." Id. (internal quotation omitted).

Defendant persuasively argues that plaintiff's dental treatments do not fall under any of the above-mentioned exceptions to the Medicare statute's exclusion of dental services, despite being connected to plaintiff's covered jaw reconstruction. Defendant contends that the "incident-and-integral" exception applies only to dental treatments that are performed at the same time and by the same dentist as a covered procedure, and the Seventh Circuit has already agreed with that interpretation of the statute. Wood, 246 F.3d at 1030. The court agrees that the result of that interpretation - no coverage for dental work that was necessary to complete plaintiff's full recovery from his injuries - is counter-intuitive. The court is not, however, at liberty to ignore rules enacted by Congress and Seventh Circuit precedent interpreting those rules in order to give plaintiff his desired outcome, regardless of how sympathetic the court may be. Accordingly, as Judge Cudahy suggested in Wood, "[plaintiff] should lobby Congress or the Secretary; the judicial branch can be of no use to him." Id. at 1036.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment is granted.[6]

**ENTER:** **August 1, 2017**

_____
**Robert W. Gettleman
United States District Judge**

---

[6] Plaintiff's motion to extend the initial seal of his complaint and exhibits (Doc. 1) is granted.